**Lawrence CONWAY, Petitioner—
Appellant,**

v.

**D.L. RUNNELL, Respondent—Appellee.**

No. 06–56094.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 17, 2008.

Filed Aug. 8, 2008.

Tracy Dressner, Attorney at Law, La Crescenta, CA, Lawrence Conway, Tehachapi, CA, for Petitioner–Appellant.

Thomas C. Hsieh, Esq., Deputy Attorney General, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: HALL, RYMER, and KLEINFELD, Circuit Judges.

### MEMORANDUM *

Lawrence Conway appeals the district court's denial of his habeas corpus petition. Conway was tried in state court for murder with special circumstances of rape and torture, as well as the substantive offenses of rape and torture. The victim, Brenda Lang, was killed in a vacant house used by local transients. Conway's semen was found in Lang's vagina and on her body, and an eye-witness placed Conway at the scene just before the assault. The jury also heard evidence about Conway's involvement in the deaths of two women in the mid–1970s. Conway was convicted and sentenced to life imprisonment without possibility of parole.

In his habeas petition, Conway contends that the introduction of the prior acts evidence violated his right to a fair

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

hearing and due process. We disagree. Even assuming that the state court adjudication of this claim was contrary to or an unreasonable application of Supreme Court law, 28 U.S.C. § 2254(d), we conclude that any constitutional error was harmless. Given the presence of Conway's semen on the victim and the eyewitness testimony placing him at the scene, the prior acts evidence did not have a substantial and injurious effect or influence on the jury's verdict. *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

Conway also contends that his counsel rendered ineffective assistance in failing to object to a jury instruction, which provided that the prior acts could be used to prove his identity as the perpetrator. Again, we disagree. Because of the strength of the prosecution's case, any error does not undermine confidence in the outcome. *Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

AFFIRMED.